**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────────

**HENRY BENITEZ,**

                              **Plaintiff,**              **07-CV-544**

**v.**

**WALTER KELLY, et al.,**

                              **Defendants.**

─────────────────────────────────


**<u>DECISION AND ORDER</u>**

              Plaintiff, an inmate currently incarcerated at the Upstate Correctional

Facility, commenced an action pursuant to 42 U.S.C. § 1983 in the Southern District of

New York on January 10, 2001 relating to his treatment while incarcerated at the

Greenhaven Correctional Facility and the Attica Correctional Facility ("Attica").  Dkt. #3-

3.  The Assistant Attorney General moved to dismiss the complaint for, *inter alia*, failure

to exhaust administrative remedies.  In the alternative, the Assistant Attorney General

requested a transfer of venue for the claims originating at Attica.  Dkt. #3-8.


              By Opinion and Order entered September 17, 2002, the Hon. Richard

Conway Casey dismissed the complaint against all defendants based on plaintiff's

failure to exhaust administrative remedies.  Dkt. #4-3.   Plaintiff appealed.  Dkt. #4-8.  In

light of the decision in *Richardson v. Goord*,[1] in which the Court of Appeals determined

─────────────────────

       [1] 347 F.3d 431, 433 (2d Cir. 2003).

that the failure to exhaust administrative remedies under the Prisoner Litigation Reform

Act was not a jurisdictional predicate, but an affirmative defense, the defendants

requested that the matter be remanded to the district court.  Dkt. #4-12.

Defendants filed another motion to dismiss and for change of venue on

April 4, 2005.  Dkt. #5-4.  By Order entered June 21, 2007, Judge McMahon severed

the claims relating to Attica and transferred them to the Western District of New York.

Dkt. #5-16.  Judge McMahon directed plaintiff

> to file a new complaint with that court, setting forth his claims
> against the Attica Defendants arising out of his confinement
> at Attica.  This includes any and all claims against . . . the
> following defendants who have already been served with
> process – Schoellkopf, Conway Berbary and Acquard, Kelly,
> Corcoran, Rademacker, Sassy, Higley, Bea and Sinicki . . . .
> I am not authorizing the service of process against any of
> the Attica defendants who have not been served, and I
> specifically note that the Attica-related claims against any
> unserved Attica defendants would be time barred.  The
> Attorney General shall provide the Clerk of the Court of the
> Western District of New York with a list of the Attica
> Defendants who remain in this case, together with proof that
> they have been served.

Dkt. #5-16.

Plaintiff filed the complaint and a motion to proceed *in forma pauperis* in

the Western District of New York on August 20, 2007.  Dkt. ## 1 & 2.  As the file had

not yet been transferred from the Southern District of New York, the complaint was filed

as a new action rather than a transfer.  It is clear, however, that the complaint should

relate back to the original filing date of January 10, 2001.  Furthermore, it is unclear

whether there are any defendants who were not served and what efforts may have been attempted to effect service on any such defendants.  Finally, although it appears that motions were left unresolved at the time of the transfer, the Court will afford the Assistant Attorney General appearing in this matter the opportunity to handle this matter in accordance with his or her own review of the case.

Accordingly, the Attorney General's Office is directed to Answer or otherwise respond to the complaint (Dkt. #1), no later than **June 13, 2008.**

**SO ORDERED.**

**DATED:**       **Buffalo, New York**
                 **May 5, 2008**

 **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
